## HOARD *v.* CHESAPEAKE AND OHIO RAILWAY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

Argued October 19, 20, 1887. — Decided November 7, 1887.

The relief prayed for in this case was the construction and maintenance of a piece of railway in specific performance of a contract attached to the bill as an exhibit; but upon examination it appeared that the contract did not call for its construction and maintenance.

If a railway company abandons part of its line and ceases to maintain a piece of track which it had contracted to maintain, it has the right to do so, subject to the payment of damages for the violation of the contract; to be recovered, if necessary, in an action at law.

A railway company organized to receive, hold and operate a railroad sold under foreclosure of a mortgage, in the absence of a statute or contract, is not obliged to pay the debts and perform the obligations of the corporation whose property the purchasers buy.

In equity. Respondents demurred. The demurrer was sustained, and the bill dismissed. Complainants appealed. The case is stated in the opinion of the court.

*Mr. Enoch Totten* for appellants.

*Mr. William J. Robertson* for appellee.

Mr. Justice Miller delivered the opinion of the court.

This is a bill in chancery brought by Charles B. Hoard against the Chesapeake and Ohio Railway Company in the District Court of the United States for the District of West Virginia.

The main object of the bill, so far as it can be ascertained, is to enforce specifically the contract set out in writing between the complainant and the Chesapeake and Ohio *Railroad* Company, which is made an exhibit to the bill, and purports to have been executed on the 28th of July, 1873. The first part of the instrument professes to be a deed of conveyance, whereby, in consideration of the sum of one thousand dollars in hand paid, the receipt of which is acknowledged, the complainant sold and conveyed to the Chesapeake and Ohio *Railroad* Company several pieces of land in the town of Ceredo, in the State of West Virginia, which are minutely described, and which seem to be parts or parcels of land laid out in town lots by the plaintiff, through which it was expected the road of the company would be located. This grant is expressed to be on the condition that in the event the property so conveyed should cease to be used for railroad purposes by the company, its successors or assigns, the estate thereby granted shall revert to the grantor, his heirs or assigns.

There was also a covenant that the complainant was to have leave and permission to connect a single siding or branch with the track of the railroad at a point near the Ceredo Hotel, owned by him, and that the company would erect lawful fences and protect said tracks. There is no contract or covenant in this agreement, although it is signed by the railroad company, that it would build its road along and through the property so conveyed, and certainly no contract that it would continue it there, because one of the conditions is that if it should cease to use the road there the title to the land should revert to the grantor. Yet the main foundation of the relief sought in this action is based upon the allegation of a covenant in this contract, that the railroad company would build their road over the grounds designated in this conveyance, and the relief asked is that the *railway* company shall now be compelled, although they have for ten or twelve years been using the track through other grounds than these, to abandon that and construct their road through the lots mentioned in this contract and continue the same.

The prayer of the bill for relief is "that the Chesapeake and Ohio *Railway* Company be made a party defendant to this bill; that process may issue; that defendant may be compelled to answer the same; that the contract of 28th July, 1873, be specifically enforced; that the defendant may be compelled to permanently maintain, establish, and run its road through the village of Ceredo, as specified in the contract, and to erect and maintain a depot and place for the convenient and regular receipt and delivery of freight and passengers in the town of Ceredo, near Ceredo Hotel; that it may be decreed to pay to the complainant the sum of $1000, with interest from the date of the contract; that it may be decreed to do and perform all and everything covenanted to be done and performed by the railroad company by the contract aforesaid; that the defendant may be inhibited, restrained, and enjoined from all further proceedings in the condemnation case pending in this court in the name of The Chesapeake and Ohio *Railway* Company v. Hoard and als; and after the answer shall have come in, and the cause shall

have been fully heard, that defendant be perpetually enjoined, inhibited, and restrained from running its cars, engines, and trains over the complainant's land on the present location of their road, and as now constructed."

It will be perceived by this statement of the case that the defendant in this suit is not the Chesapeake and Ohio *Railroad* Company with whom the plaintiff made his contract, but the allegation of the bill on this subject is that the " Chesapeake and Ohio Railroad Company" was sold out under a mortgage foreclosure, and that the purchasers by virtue of the law of West Virginia became a corporation by the name of " The Chesapeake and Ohio *Railway* Company," the present defendant, " and entitled to all the works, property, estate, rights, franchises, and privileges theretofore owned and possessed by the Chesapeake and Ohio *Railroad* Company, and subject to all the restrictions imposed by law upon said last-named company."

The bill also contains allegations that, while the first company never built its road through any part of the town of Ceredo, the present company defendant did build its road through that town, but selected a route somewhat different from that which embraced the lots conveyed by plaintiff to the first corporation; that afterwards the second corporation instituted proceedings in the proper court for the condemnation of the land over which its line did run, which proceeded to a report of the commission ordered to examine and assess the value of the land taken, and the damages; that this assessment was reported at $1075.00 in favor of the plaintiff in this suit for land taken by the new company for the new route, and that this sum was paid into court. It appears that the plaintiff in this suit had notice of these matters, and, as the exhibits show, consented to the appointment of the assessors, but that after the report was made he objected to it, and demanded a jury. He also filed a pleading, in which he set up the contract already mentioned as a bar to the condemnation or taking of the property under the authority of the action of the commission. In this condition of affairs the case for condemnation was removed on the application of the railway company into

the District Court of the United States, where, after some additional proceedings, the present bill was filed.

It also appears that the present defendant deposited the sum awarded to Hoard with the clerk of the state court, under the jurisdiction of which the condemnation was had, and that this money has, by order of the United States court, been placed in the hands of the clerk of that court, and that the defendant has built and been using its road over the property thus condemned for ten or twelve years. The bill also contains an allegation that the one thousand dollars recited in the contract as the consideration for the conveyance was never actually paid, although the deed acknowledges its receipt.

A demurrer was filed to this bill, which, on hearing, was sustained, and the bill dismissed, and from this decree of dismissal the present appeal is taken.

It is very clear that the bill presents no feature which justifies or requires the interposition of a court of equity.

First. The contract with the Chesapeake and Ohio Railroad Company contains no such covenant for laying the track of that company through the lands purchased of plaintiff as his bill alleges. Therefore, if even that company was defendant in this suit, there is nothing which the court could specifically compel it to do found in this contract.

Second. If there were such a contract, both the law and this contract contemplate the right of the railroad company to change its route before being built, and to abandon it afterwards, and if the plaintiff is injured by this change, the remedy is clearly by an action at law for damages.

Third. The present defendant, the *railway* company, is not shown to be under any obligation to perform the covenant of its predecessor, the *railroad* company, which is set up here as a matter of specific performance. The persons who purchased the railroad at the mortgage foreclosure sale did not thereby, under any statute of the State, act of February 1, 1871, Session Laws, p. 91, or any contract of which we are aware, become obliged to pay the debts and perform the obligations of the railroad company. *Railroad Co.* v. *Miller*, 114 U. S. 176. They bought the property of that company and its franchises;

but if, as such purchasers, they thereby became bound to pay all the debts and perform all the obligations of the corporation whose property they bought, it would put an end to purchases of railroads. The plaintiff provided his own remedy for what has happened by the condition in his conveyance, that the land should revert to him, his heirs or assigns, in the event of which he now complains.

As regards the sum to which he would be entitled for the taking of the lots or parts of them where the railroad now runs by the defendant company, the law has provided him with the remedy, which is still in the hands of the court in the proceedings for condemnation. If the money paid into court is insufficient, he is probably entitled to a further trial by jury. If it is a sufficient compensation, the money awaits him when he is ready to accept it.

The bill makes no case for the interposition of a court of equity, and the decree of the court dismissing it is therefore

*Affirmed.*