WILLIAM BURGE, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 14, 1903.

1. **Railroads:** PURCHASE OF ONE RAILROAD BY ANOTHER: SECTION 1061, R. S. 1899. Under section 1061, Revised Statutes 1899, the St. Louis, Memphis & Southeastern Railroad Company purchased all of the railroad property of and belonging to the Southern Missouri & Arkansas Railroad Company and received a deed therefor, and in the deed it was agreed that the purchasing company would assume the mortgage bonds of the company selling but no other liability.

2. ——: ——: ——: LIABILITY OF PURCHASING ROAD FOR STOCK KILLED BY SELLING ROAD. Under the statute, that legalized the sale of the road, no duty was imposed on the road buying to pay for stock killed by the road selling to it. And certainly no such duty or obligation could be imposed by a mere purchase in good faith.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED.

### STATEMENT.

The statement prepared by appellant having received the approval of respondent, is adopted by this court as a correct recital of the facts in the case, and is as follows:

This suit was brought by the plaintiff against the defendant before a justice of the peace in Stoddard county, Missouri, for the killing of plaintiff's animal by the trains of the Southern Missouri & Arkansas Railroad Company on November 3, 1901.

Complainant alleges that the defendant is the successor in ownership of the railroad which was owned by the Southern Missouri & Arkansas Railroad Company at the time of the injury.

Judgment being entered before the justice of the peace, defendant appealed to the circuit court of Stoddard county, where, upon a trial before the court without a jury, judgment was entered in favor of the plaintiff for $45, being double the value of the animal killed. It is now conceded by the defendant that the plaintiff proved his cause sufficiently to fix liability upon the Southern Missouri & Arkansas Railroad Company, but denies that this defendant, the St. Louis, Memphis & Southeastern Railroad Company, is liable for the torts or contracts of the company from which it bought the road.

After an unsuccessful motion for a new trial, an appeal was granted to this court.

The defendant introduced in evidence the charter of the Southern Missouri & Arkansas Railroad Company authorizing it to build a road from Cape Girardeau to Hunter, in Carter county, the organization being effected in May, 1899.

Also articles of incorporation of the Cape Girardeau & Northern Railroad Company authorizing it to build a road from Cape Girardeau north to Crystal City in Jefferson county, which was organized November 11, 1901.

Also articles of incorporation of the St. Louis, Memphis & Southeastern Railroad Company for the building of a road from Crystal City north to the city of St. Louis, which was organized the seventh day of January, 1902.

Also a deed from the Cape Girardeau & Northern Railroad Company to the St. Louis, Memphis & Southeastern Railroad Company, dated January 9, 1902, which was duly acknowledged and recorded, conveying to the St. Louis, Memphis & Southeastern Railroad Company all the railroad property of the grantor, being a connecting road with the St. Louis, Memphis & Southeastern Railroad Company.

Also a deed from the Southern Missouri & Arkansas Railroad Company to the St. Louis, Memphis & Southeastern Railroad Company for all of its railroad property, which deed was dated the first day of February, 1902, duly acknowledged and recorded, which deed was made upon a consideration of three hundred and fifty thousand dollars and an agreement by the St. Louis, Memphis & Southeastern Railroad Company to assume the mortgage bonds of the grantor, but no other liability.

In rebuttal the plaintiff showed by its attorney that the same conductors were working for the St. Louis, Memphis and Southeastern Railroad Company who worked for the Southern Missouri & Arkansas Railroad Company; that his pass was signed by the same officers, and also showed by the attorney for the defendant that the Southern Missouri & Arkansas Railroad Company and the St. Louis, Memphis & Southeastern Railroad Company had the same officers. The court declined to sustain the demurrer to the evidence.

*Frank E. Burrough* for appellant.

(1) One railroad company buying all the property of another railroad company in good faith and for valuable consideration is not responsible for the liabilities of the grantor arising from any tort or by contract. Powell v. Railroad, 42 Mo. 63; Hill v. Fogg, 41 Mo. 563; Hoard v. Railroad, 123 U. S. 222 (31 L. Ed. 138); Hammond v. Port Royal, 15 S. C. 10; Railroad

v. Griest, 85 Ky. 619; Railroad v. Orr, 91 Ky. 109; People v. Railroad, 120 Ill. 48, 110 N. E. 657; Fogg v. Blair, 133 U. S. 534. (2) The court will not take judicial knowledge of a consolidation. It must be proved. Southgate v. Railroad, 61 Mo. 89. (3) We have two statutes in Missouri; one on the consolidation of railroads, being section 1059, providing for articles of consolidation and the surrender of the stock of the constituent companies in lieu of stock of the consolidated company. The consolidating statute provides that the consolidated company shall be liable for all the obligations and liabilities of the constituent companies. The statutes for purchase and lease of railroads are sections 1060 and 1061, providing for straight-out sales of railroads and for leases and acquisition of stock. (4) A deed from one railroad company to another is prima facie valid, and if there were any corporate reasons why the deed can not be made it is a matter of proof and the burden is on the attacking party. Railroad v. St. Louis, 66 Mo. 228.

*Mozley & Wammack* for respondent.

(1) If the sale, if sale it can be called, from the Southern Missouri and Arkansas Railway Company to the appellants, was a bona fide sale for value, to an innocent purchaser, then we concede that under all the authorities respondent is not entitled to judgment. There can be no controversy on that proposition, but we maintain, and the trial court so found, that the result of the various transfers shown in the evidence, was but a consolidation of the various railroad properties held and owned by these parties. The contention of appellants, of course, is that it was a sale, but what was the effect of the various transfers shown? It brought all the property and lines of the different roads under one management, and changed the name of the property and did nothing more. There was no change of ownership

in fact, as the record abundantly discloses.  (2) This is rather an obscure question in Missouri, and should be determined by the courts of last resort to the end that people who have stock killed may not procrastinate in the matter of bringing their suits.  The new company is liable for all the debts of the old company, to the full extent of the value of all the property received from the old company.  Slattery v. Transportation Co., 91 Mo. 227.  (3) The rule which the authorities seem to support is that where one incorporation goes entirely out of existence by being incorporated into another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the corporation into which it is merged will succeed to its property and be answerable for all its liabilities.  Railroad v. Boney, 3 L. R. A. 438; Thompson v. Abbott, 61 Mo. 176.  (4) A transfer of all the assets of one corporation to another, whereby, through a mere change of name, an attempt is made to defraud creditors, or which would operate a fraud, will not be upheld as against creditors. Blair v. Railroad, 92 Mo. App. 538.

REYBURN, J.—The sole question presented for determination is, whether in the form and upon the proof herein submitted, the defendant St. Louis, Memphis & Southeastern Railroad Company is responsible for a tort committed by its vendor, the Southern Missouri & Arkansas Railroad Company.  There are two methods recognized by the statutes of Missouri by which railroad corporations may become associated or merged. By section 1059 of the Revised Statutes of 1899, provision is made for the amalgamation of two or more railroad companies in this State, and the formation of one company; sec. 1061 contemplates the manner adopted by defendant in this case, and expressly legalizes the extension of the line of any railroad company organized under the laws of this State, by acquiring by purchase any line of railroad within or without this State, and

the acquisition and ownership of the assets and property of the company so bought. Under the section of consolidation (1059) the absorbing corporation succeeds to all the powers, rights and property of the consolidated companies and becomes subject to all their obligations and liabilities. Under the section making valid the purchase by one railroad company of the line and property of another railroad company, no responsibility is imposed on the purchasing company for the obligations of its vendor. It is manifest that no statutory liability resulted from the mere purchase by defendant, and in the absence of averment and proof that it acquired and succeeded to the line and property of the selling company otherwise than as a purchaser in good faith and for a valuable consideration, the transaction in nowise differs in legal effect from the purchase of any other property, realty or personalty, and no duty is devolved by law upon defendant to respond to the liabilities, whether in tort or in contract of the selling corporation. A mere purchase in good faith for value imposes no such obligation. Powell v. North Missouri R. R. Co., 42 Mo. 63; Hoard v. C. & O. R. R., 123 U. S. 222; Fogg v. Blair, 133 U. S. 534.

The decisions quoted by respondent are not antagonistic to the propositions herein advanced; an analysis will reveal that those and similar cases which might be cited, as the recent case of Berthold v. Land Company, 91 Mo. App. 233, decided by this court, are based on equitable doctrines and involve the recognition and enforcement of equitable rights and liabilities.

The judgment herein will be reversed. All concur.