KARN et al., Respondents, v. ILLINOIS SOUTHERN
RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 2, 1905.

1. **RAILROADS: Purchase by One Railroad of Another's Property: Liability of Purchaser for Torts of Vendor.** Where one railroad company, under the provisions of section 1060, Revised Statutes of 1899, purchases the property, rights, etc., of another railroad, it is not liable for the torts of the other, where such liability is not assumed in the contract of purchase.

2. ———: **Consolidation.** The provisions of section 1059, Revised Statutes of 1899, relating to the consolidation of railroad companies, and making the consolidated company subject to the liability of the consolidating companies, do not apply to a company purchasing under the provisions of section 1060.

3. ———: **Liability of Company Operating Another's Road.** Where one railroad company is operating the road of another during negotiations for the purchase of the same, it is liable for torts committed in such operation before the formal transfer of the property.

Appeal from St. Francois Circuit Court.—*Hon. Robt. A. Anthony*, Judge.

REVERSED AND REMANDED.

*F. M. Trissal* and *W. S. Anthony* for appellant.

Under section 1061, Revised Statutes of Missouri 1899, the Illinois Southern Railway Company purchased all of the railroad property of and belonging to the Southern Missouri Railway Company and received a deed therefor and by the terms of said deed no duty was imposed on the Illinois Southern Railway Company to pay for stock killed by the road selling to it. Burge v. Railway, 100 Mo. App. 460, 74 S. W. 7; Powell v. Railroad, 42 Mo. 63; Hoard v. Railroad, 123 U. S. 222; Fogg v. Blair, 133 U. S. 534.

*R. C. Tucker* for respondents.

Where there has been a consolidation of railway companies, the new company, by the terms of the statute (R. S. 1899, sec. 1059) succeeds to the liabilities of both companies. Kinion v. Railway, 39 Mo. App. 581; Thompson v. Abbott, 61 Mo. 177.

### STATEMENT.

This is an action at law for double damages under section 1105, R. S. 1899, on account of the alleged killing of a cow in the latter part of September, 1903, near the station at Esther, a small town in St. Francois county. The town is platted and laid out into streets and alleys but is not incorporated. As this defendant cannot possibly be held for the loss as the record now stands, it is unnecessary to consider the question as to whether or not liability attached to the proper railroad company on account of the killing at the point alleged and proved. We discussed the cases fully and announced the views of this court in that behalf in the recent case of Acord v. Railway Co., 113 Mo. App. 84, 87 S. W. 537.

The evidence shows that plaintiff owned the cow. Her value was $50 and she was killed by the engine and cars not of this defendant but of the Southern Missouri Railway Company, as said above, in the latter part of September, 1903. On the 5th day of October, thereafter, said Southern Missouri Railway Company, by its deed of conveyance read in evidence, granted, bargained, sold, conveyed, confirmed and warranted unto this defendant, the Illinois Southern Railway Company and its successors in fee simple, all of the said railroad of the said Southern Missouri Railway Company, together with all of its other property, corporate rights and franchises, subject only to liability for certain specific assumed indebtedness which is hereinafter mentioned. Said deed was duly recorded in St. Francois county, October 30, 1903. Defendant's certificate and license from the State

of Missouri, of date November 12, 1893, under the hand of the Secretary and the great seal of the State authorizing it to maintain and operate said railroad from that date were also read in evidence. This suit was instituted a long time thereafter, to-wit, January 12, 1904, and seeks to recover from the present railroad company for the loss sustained by the tort of its predecessor. By the deed of the Southern Missouri Railway Company conveying the railroad and all its equipment to the Illinois Southern Railway Company, the present owner, this defendant assumed certain specific mentioned obligations therein set out, hereinabove referred to. The provisions of the deed in that respect are as follows:

"The grantee herein, by the acceptance hereof to assume and also pay for all labor employed by and for all material and equipment delivered to the grantor after June 30, 1903, and sundry bills not exceeding twenty-five thousand dollars in amount for material delivered to the grantor before June 30, 1903, also all unpaid equipment notes heretofore executed by the grantor which mature after June 30, 1903, such equipment notes amounting in the aggregate to two hundred and twenty thousand five hundred and twenty-five dollars and thirty-eight cents, also any amount that may not yet be found to be owing by the grantor to MacArthur Brothers Company for construction work."

A trial was had to the court without a jury. At the conclusion of the whole case, defendant moved for a peremptory declaration that on the pleadings and evidence, the finding should be for the defendant. This the court declined, to which action of the court exception was duly saved by defendant and after unsuccessful motions for new trial and in arrest, it prosecutes this appeal.

NORTONI, J. (after stating the facts).—As appears from the record before us, this is an attempt to hold appellant for the tort of its vendor, and certainly cannot be allowed unless, by the deed, appellant assumed

the obligation to answer therefor, or there be some liability created by the statutes making the railroad company which purchases the property rights and franchises of another and thus takes over its effects, answerable for the tort of the former company. We have seen that there is nothing in the deed of conveyance from which a liability of this class resting upon the Southern Missouri Railway Company was assumed by the present defendant (it is not claimed there was), and we are not familiar with any statutory provision fixing such liability upon the purchasing railroad company. Indeed, the sale of the railroad, as is shown, was carried on in strict conformity with the provisions of law (sec. 1060, R. S. 1899). It is provided in that section that "Any railroad company organized in pursuance of the laws of this or any other State, or of the United States, may lease or purchase all or any part of a railroad with all its privileges, rights, franchises, real estate and other property, the whole or a part of which is in this State and constructed, owned or leased by any other company, if the lines of the road or roads of such companies are continuous or connected at a point either within or without this State, upon such terms," etc., etc. Here is express authority for the Illinois company to purchase any connecting road in Missouri. The Southern Missouri was a connecting road, and by the purchase, constituted a continuous line with defendant. This authority to the Illinois road to purchase a connecting line in Missouri necessarily implied authority for the connecting line in this State to sell thereto. Other provisions of the same section, when construed together with those quoted, clearly authorize the Missouri road to sell and the Illinois road to buy in the manner designated by said section. From the record before us, it appears the sale and transfer were made in accordance with the statutes in such cases made and provided and therefore it was a transaction having all the attributes of a valid, legal sale and transfer of the property in good faith.

There is no difference in this transaction and any other lawful sale or transfer of property between citizens. When one citizen, for a valuable consideration, in good faith, sells and another purchases the property of his neighbor and enters into possession thereof, certainly no duty in such case is devolved by law upon the purchaser to answer for the debt or default of the seller, whether in contract or in tort, and respond to the liabilities of the prior owner. The same principle which would apply then to a like transaction in good faith between citizens, must apply and govern between these railroad companies when one is proceeding to sell and the other to purchase under and in accordance with the rules of law prescribed by authority in that behalf, and in the absence of a clear statutory provision encumbering the sale and transfer with the obligation and requiring the appellant to respond and answer for the liability of the vendor herein, no recovery can be had therefor unless the obligation to do so be assumed by the contract of purchase and we have seen that no such obligation was assumed. As said before, it is not contended that it was assumed. [Burge v. Railway, 100 Mo. App. 460, 74 S. W. 7; Powell v. Railway, 42 Mo. 63; Howard v. Railway, 123 U. S. 222; Fogg v. Blair, 133 U. S. 534.]

2. The cases cited by respondents are not applicable here. They relate to consolidation of railroad companies, as is authorized by section 1059, R. S. 1899. By the provisions of that statute, certain companies owning railroads, which, when completed, will constitute one continuous line, may "consolidate in the whole or in the main and form one company owning and controlling such continuous line of road, with all the powers, rights, privileges and immunities, and subject to all the obligations and liabilities to the State, or otherwise, which belonged to or rested upon either of the companies making such consolidation." etc., etc. This statute authorizing consolidation, it will be observed, specifies the terms upon which it may be had, one of which is that the consoli-

dation shall be "subject to all of the obligations and liabilities to the State or *otherwise* belonging to or resting upon either of the companies." By taking advantage of the statutes and proceeding to consolidate thereunder, this provision as well as others therein, are agreed to and accepted by the consolidated company and this is sufficient to fix liability therefor. In case of such consolidation which in fact is more properly an amalgamation, the courts take the view that inasmuch as the old corporation goes entirely out of existence by the process of amalgamation or merger, denominated consolidation by the statute, without making arrangements respecting the property and liabilities of the old corporation, and the new corporation thereby succeeds to all of the property and rights of the prior companies without any special conveyance thereof, the new concern will therefore be liable for the subsisting liabilities of the old companies and insofar as it affects a cause of action existing against either of the old corporations, prior to the amalgamation, the consolidation amounts to no more than a change of name and the new corporation may be sued for the liability of the old one, and upon a showing of such consolidation, the consolidated company may be made a party by amendment to a cause pending against one of the old companies prior to the consolidation. [Kinion v. Railway, 39 Mo. App. 574; Thompson v. Abbott et al., 61 Mo. 177.]

The case at bar is not one of that class. Neither the statute fixing the liability nor the reason or principle underlying those cases prevail here. In those cases, the succession to the rights and properties of the old companies is the consideration upon which rests the obligation of the consolidated concern to meet and answer their liabilities, whereas in the case at bar, the succession to the rights and properties of the old company by this appellant was not by absorption or merger, but was the result of passing value received from appellant to the old company in good faith, strictly under the forms of

law as provided, which of right did and ought to entitle plaintiff to value received in return therefor, free from all debts and obligations not charged upon it by the statute or voluntarily assumed in the transaction.

3. It is true, however, that the appellant in this case might be liable to respond on account of the loss sued for even though it did not own the road and its equipment if it were operating the road at the time the animal was killed. There is not sufficient evidence in the record on this question to enlighten the court thereon. The deed read in evidence recites in effect that the terms of the sale were agreed upon in August prior to the killing and also that the present appellant was operating the road a few days at least prior to the actual transfer thereof. There are some facts before us which tend to show that the appellant might possibly have been operating the road at the time of the accident. There is not enough evidence, however, to sustain a judgment or on which to base a legitimate inference to that effect. If that were the case, however, a recovery on account thereof might be had, and it would be unjust to turn respondent out of court and deny him any relief. It is therefore considered advisable that instead of reversing the cause outright, the ends of justice would possibly be better subserved by remanding the cause in order that respondent may be permitted to make such proof as he can on the question as to whether or not the appellant Company was actually in possesion of and operating the road, and was, in fact, the real perpetrator of his grievance.

It is therefore ordered that the judgment be reversed and the cause remanded to be proceeded with as herein indicated. *Bland, P. J.,* and *Goode, J.,* concur.