E. W. PORTER et ux., Respondents, v. ILLINOIS SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 13, 1906.

RAILROADS: Purchase by One Railroad of Another's Property: Liability of Purchaser for Torts of Vendor. Where one railroad company under the provisions of section 1060, Revised Statutes of 1899, purchases the property, rights, etc., of another railroad company it is not liable for the torts of the other, unless such liability is assumed in the contract of purchase. (Following Karn v. R. R., 114 Mo. App. 162.)

Appeal from St. Francois Circuit Court.—*Hon. Robert A. Anthony*, Judge.

REVERSED AND REMANDED.

*W. S. Anthony* for appellant.

Under section 1061, Revised Statutes 1899, and amendments thereto, The Illinois Southern Railway Company purchased all of the railroad property of and belonging to the Southern Missouri Railway Company and received a deed therefor, and by the terms of said deed no duty was imposed on The Illinois Southern Railway Company to respond in damages for destruction of crops by the Southern Missouri Railway Company. Jacob Karn v. Illinois Southern Railway Company, 114 Mo. App. 162, 89 S. W. 346; Burge v. St. Louis, Memphis & Southeastern Railway Co., 100 Mo. App. 460, 74 S. W. 7.

*D. L. Rivers* for respondent.

GOODE, J.—In this action, the plaintiffs sued the Illinois Southern Railway Company for damage done to their crops by cattle which got into their fields on account of the failure of the Southern Missouri Railway Company to fence its line of railway through plaintiff's farm. The damage was done in the summer of 1903 while the Southern Missouri Railway Company owned and operated the line of road. On October 15, 1903, said Southern Missouri Railway Company conveyed and transferred all its franchises, assets and line of railroad to the defendant, Illinois Southern Railway Company, another corporation. This sale was made under the provisions of section 1060, Revised Statutes 1899. The contention of the defendant railroad company is that it cannot be held liable for the torts committed by its vendor, the Southern Missouri Railway Company. This point was considered and decided in Karn v. Ill. Southern R. Co., 114 Mo. App. 162, 89 S. W. 346. The present case is against the same defendant and on similar facts. For the reasons given in the Karn case, the judgment in this one is reversed and the cause remanded.