LAWSON et al., Respondents, v. ILLINOIS SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 27, 1906.

RAILROADS: Purchase by one Railroad Company of Another's Property: Liability for Torts. Where one railroad company purchases the property of another, it does not thereby become liable for damages caused by the negligence of the other in failing to erect fences along its right of way, in the absence of an agreement to assume such liability. (Following Karn v. Ill. Southern R. R. Co., 89 S. W. 346, 114 Mo. App. 162.)

Appeal from St. Francois Circuit Court.—*Hon. Robert A. Anthony,* Judge.

REVERSED.

*W. S. Anthony* for appellant.

The deed introduced by plaintiffs under the decision rendered in this court in the case of Karn v. Illinois Southern Railway Company exempts the Illinois Southern Railway Company from liability incurred by the Southern Missouri Railway Company prior to the sale evidenced by said deed. Karn v. Illinois Southern Railway Company, 114 Mo. App. 162, 89 S. W. 346; Burge v. Railroad, 100 Mo. App. 460, 74 S. W. 7.

*R. C. Tucker* and *B. H. Marbury* for respondents.

BLAND, P. J.—Plaintiff, by quitclaim deed, conveyed to the Southern Missouri Railroad Company a strip of land through his farm in St. Francois county for right of way. The Southern Missouri Railroad Company laid its track on the right of way so conveyed and operated its cars thereon, but failed and neglected to erect fences along the sides of said right of way, and cattle and hogs, in the months of May, June, July, and August, 1903, escaped from the right of way onto the plaintiff's adjoining fields and destroyed his growing crops. The suit is to recover the value of the crops so destroyed. The petition alleges and the proof shows that on October 15, 1903, the Southern Missouri Railroad Company conveyed its road, franchises, etc., to the defendant, the Illinois Southern Railroad Company. The petition does not allege that the defendant, as purchaser of the railroad, assumed any of the obligations of the Southern Missouri Railroad Company, but does allege that by the purchase the defendant became liable and subject to all the obligations and liabilities to plaintiff which belonged to and rested upon the Southern Missouri Railroad Company.

If from the allegations the inference can be drawn that the defendant assumed to pay plaintiff's claim for damages, that issue is put at rest by the deed from the Southern Missouri Railroad Company to the Illinois Southern Railroad Company in which it is recited.

"Therefore, on consideration of the premises and of the payment of the agreed purchase price by the party of the second part to the party of the first part, the receipt of which is hereby acknowledged; and in consideration of the agreement of the party of the second part, the grantee herein, by the acceptance hereof to assume and also pay for all labor employed by, and for all material and equipment delivered to the grantor after June 30, 1903, and sundry bills not exceeding twenty-five thousand dollars in amount for material delivered to the grantor before June 30, 1903, also all unpaid equipment notes heretofore executed by the grantor which mature after June 30, 1903, such equipment notes amounting in aggregate to two hundred and twenty thousand five hundred and twenty-five dollars and thirty-eight cents; also any amount that may yet be found to be owing by the grantor to MacArthur Brothers Company for construction work," etc.

This clause specifies all the obligations of the Southern Missouri Railroad Company assumed by the Illinois Southern Railroad Company. It does not include the demand of plaintiff for damages caused by the destruction of his growing crops, and on the authority of Berg v. Railroad, 100 Mo. App. 460, and Karn v. Ill. So. R. R. Co., 114 Mo. App. 162, 89 S. W. 346, defendant's instructions in the nature of a demurrer to the evidence should have been given.

The judgment is reversed. All concur.