DETROIT & IRONTON RD. CO. v. MURRY et

Ohio Appeals, 6th Dist., Fulton Co.

No. 51. Decided Oct. 30, 1925

681. JURISDICTION—If a landowner is injured by a change in the route of a railway, his remedy is by an action at law for damages and not by a bill in equity for specific performance.

RICHARDS, J.

Clarence and Myrtle Murry are owners of certain farm land and on March 7, 1923, entered into a written contract with the Detroit & Ironton Railroad Co. to convey to it a strip of land for a right of way for railroad purposes through their farm. The Company having refused to carry out the contract, Murry brought an action in the Fulton Common Pleas for the purpose of compelling specific performance of the same.

Murry alleged that the company contracted to purchase nearly four acres of the land for $1150, of which $150 had been paid at the execution of the contract; and when a proper warranty deed was presented the Company refused to accept same.

The Company, in answering, admitted these averments but claimed that in fixing the price of $1150, reference was had to any damage that might be done the lands by reason of the construction of a line of railroad thereon and the price agreed to be paid included an amount for damages to the balance of said land arising by reason of such construction; and that aside from the damages to the balance of Murry's land resulting from the construction of said line of railroad, the land was not worth more than $100 per acre.

It was further claimed that after the execution of the contract, the Company found it necessary to change the route of said line, and under the new plan of construction it abandoned the building of the line of railroad over Murry's land; and that by reason of the abandonment, no damage can accrue to Murry and that to require it to pay the price agreed upon in the contract is contrary to equity and good faith.

The Common Pleas sustained Murry's demurrer to this answer and the Company not desiring to plead further, judgment was rendered ordering specific performance of the contract. Error was prosecuted to secure a reversal of that judgment and the Court of Appeals held:

1. It cannot be questioned that landowners, for breach of a contract of this character, may have an action to recover the damages which they suffer by reason of the breach; but the question in this case is:—Are they, in view of the averments of the pleadings, entitled to an action for specific performance?

2. From the averments of the answer, the land was held to be worth about $100 per acre, that rate would make the value of the entire tract taken substantially $365; and would leave nearly $800 as the sum to be paid for damages arising from use of the tract for

## STATE COURT OF APPEALS—Continued

right of way for railroad purposes. The allegations are admitted by the demurrer.

3. If the landowners should be awarded specific performance, they would recover as a result of the action, nearly $800 for damages which they never would or could suffer.

4. Possession has not been surrendered by the landowners nor taken by the Company, nor has construction work been commenced. Under the circumstances shown by the pleading, the landowners should be remitted to their action at law for damages.

5. "If a landowner is injured by a change in the route of a railway, his remedy is by an action at law for damages and not by a bill in equity for specific performance."

6. Also, "Where the location for railroad or highway, for which the land was purchased, is abandoned, the vendor who has remained in possession cannot maintain a bill for specific performance."

7. The trial court was in error in sustaining the demurrer for which reason judgment must be reversed and cause remanded with instructions to overrule the demurrer.

Judgment reversed.

Attorneys—Geo. S. May and E. J. Matz, Napoleon, for Company; Leslie S. Ward, Wauseon, for Murry.