Scott, judge,
delivered the opinion of the court.
This was an action begun in a justices court on a blacksmith’s account by the appellee against the appellant, in which the appellee recovered judgment. On a trial in the circuit court the appellee again obtained a verdict which was. set aside and new trial granted. On a second trial in the circuit court, the appellee succeeded in obtaining a verdict for $82 92 debt and $27 87 damages, on which a judgment was rendered, from which the appellant has appealed to this court.
The appellee’s account amounted to $116 62 on which there was a credit endorsed of $33 33, being the interest up to June 1845 on a note for $100 at ten per cent., held by the appellant against the appellee. The account commenced in August 1841 and was continued down to April 1846. Evidence was given tending to establish the account. The appellant then read these receipts from the appellee, dated respectively 16th August 1843, March 7th 1845 and November 9th 1845, and severally for the sums of $11 42, $29 62 and $5 71. These receipts were in full of all demands up to their respective dates. A tender of payment of the two items of the account of a date subsequent to that of the last receipt, was. admitted. The appellee then, to explain said receipts, introduced a witness who testified that the appellee was a blacksmith, that he, witness, kept the appellee’s books, and most of the entries were in his hand-writing; that on the books there were accounts corresponding in amount with the receipts read in evidence ; that the accounts corresponding in amount with the first two receipts in point of date, are included in the amount sued on. Witness further stated that he knew of no payments being made on the said *164 accounts. It appears that the accounts were credited hy payments on the book. The appellee also read in evidence a negotiable promissory note for $100 given by appellee to appellant, which is as follows:
“ Seven months after date we or either of us promise to pay to William Gibson or order the sum of $100 for value received, negotiable and payable without defalcation or discount, with interest after due at the rate of ten per cent, per annum until paid, this 3d Aug. 1841.
ISAIAH HANNA,
ELI C. HAMMOND.
On which note were endorsements of the payment of interest up to the 1st Nov. 1842 and first of June 1845. This note was afterwards, in Nov. assigned to J. Kingsbury, who sued for and collected the same. All the explanatory evidence was objected to by the appellant.
The court at the instance of the appellee gave the following instruction which was excepted to by the appellant, viz: that notwithstanding the plaintiff may have given the receipts read in evidence, yet they are only prima facie evidence that the account was settled in full, and may be explained, and if the jury believe from the evidence that the account sued upon or any part thereof remains unpaid, they must find for the plaintiff.
I do not see how this verdict can stand. Is it usual to give receipts for partial payments on a note and also to endorse the payment upon it? such a course may lead to difficulties. I recollect a case in which a receipt was given for a partial payment on a note and a credit for the same amount was endorsed on it, and, from the manner in which it was done, it was a matter of doubt whether the receipt and endorsement were for the ssme or different sums. Here are receipts for sums of money due on an open account, and because the payments are not endorsed on a note due to the person making the payment, and growing out of an entirely different transaction; therefore the presumption is that it -was a fraud or mistake, and the party giving the receipt for the account is entitled to have it endorsed on the note. I know no principle which warrants such a conclusion. It is clear that it may be shown that such was the understanding of the parties ; but in the absence of all proof, I am not aware of any rule which authorizes such an inference. One who has safely invested a sum of money bearing a high interest is not anxious to recall it, and he would prefer paying small accounts against him due his debtor, to giving him credit on his loan. *165 The pecuniary circumstances of the creditor would shed light upon this matter and is a proper consideration for the jury.
The evidence of the witness explaining the book of the appellee was admissible. The fact that there were three accounts on the book corresponding in amount with the receipts, was evidence to show for what the receipts were given, especially as they were credited by payment, and with other evidence might have established a mistake in giving the receipt in full. The negative testimony of the witness that he saw no money paid, was, of itself, entitled to no weight.
The instruction, I think, should have been couched in stronger language. Where an open account is settled, the presumption is that all previous dealings between the parties are adjusted. But when a party not only settles an account, but takes a receipt in full of all demands, he should be in a better situation than when he takes a receipt only for an account without expressing it to be in full. In the case of Harden vs. Gordon, 2 Mason 561, Judge Story says that, when a receipt is given in full of all demands, it is not to be taken as conclusive: it is open to explanation, and, upon evidence, may be restrained in its operation. But the natural presumption is in its favor, and that presumption will prevail until it is displaced by direct proof or strong circumstances. So in the case of Thompson vs. Faussat 1 Pet C. C. Rep., it was held that the proof must be satisfactory that a receipt in full was obtained by fraud, or was given under a mistake of facts. In the case of Fallen vs. Crittenden 9 Con. 406, it was maintained that the true view of the subject seems to be, that such circumstances as would lead a court of equity to set aside a contract, such as fraud, mistake, or surprise, may be shown at law to destroy the effect of a receipt. This view of the subject is commended by Greanleaf sec. 305, note. Now nothing is clearer than that he who goes into a court of equity for relief against a settled account on the ground of mistake, must establish the fact to the entire satisfaction of the chancellor. It is not sufficient that he presents a case which shows that a mistake might have occurred, but he must prove it to his satisfaction, so that the mind labors under no embarrassment in drawing the conclusion.
Without further evidence I do not think that the fact of the existence of the note and the endorsement upon it, should have weighed any thing with the jury.
As this seems to be a hard case on the appellant, I cannot but think that the ends of justice will be subserved by granting a new trial. The defendant has three solemn declarations under the hand of the plaintiff *166 that he owed him nothing and it will conduce to the establishment of right to submit the case to a jury under the foregoing views.
The other judges concurring, the judgment will be reversed, and the cause remanded.