Lyons v. Williams.

## John Lyons et al.

### v.

## Norman A. Williams et al.

1. Receipt in full—Evidence.—While a receipt in full is not conclusive, but only *prima facie* evidence of payment, it is evidence of a high and very convincing character.

2. Prima facie evidence—Instruction.—*Prima facie* evidence, in the absence of rebutting proof, establishes the fact which it tends to prove; as the instruction in this case upon the crediting of notes and the receipt holds the contrary, it is erroneous.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed May 20, 1884.

Messrs. Snowhook, Johnston & Gray, for appellants; as to a receipt being *prima facie* evidence of payment, cited Winchester v. Grosvenor, 44 Ill. 425; Strubher v. Mohler, 80 Ill. 21; Rosenmueller v. Lampe, 89 Ill. 218.

Mr. F. W. Forch, Jr., for appellees; as to instructions, cited Wilhelm v. Schmidt, 84 Ill. 187; Tobey v. Barber, 5 Johns. 68; Walsh v. Lennon, 98 Ill. 31; Archibald v. Argall, 53 Ill. 309.

BAILEY, J. This was a suit in assumpsit, brought by Williams and Tiedeman against Lyons and Scanlan, upon an account for goods sold and delivered. The defendants were sewer builders and the plaintiffs dealers in sewer materials, and the account in suit was for sewer materials purchased by the defendants of the plaintiffs from September, 1875, to June, 1876. The principal controversy relates to certain promissory notes executed by one S. S. Hayes to the defendants, and by them transferred and assigned to the plaintiffs. It is claimed by the defendants that said notes were taken by the plaintiffs as cash, and that they were to be so applied upon their account, while the plaintiffs claim that they were taken by them merely as collateral security.

The evidence tends to show that said notes were in fact credited to the defendants on their account, and that on the 6th day of September, 1876, the parties had an accounting in relation to their dealings, at which time a balance of $96.07, in favor of the plaintiffs, was struck and agreed upon, and that said balance was then and there paid by the defendants, and the account receipted in full by the plaintiffs.

Hayes having in the meantime become insolvent, and said notes remaining unpaid, their amount was charged back to the defendants on their account, that being the indebtedness for which a recovery has been had in this case. The weight to be given by the jury to the fact that the defendants were credited with said notes on their account, and with such credit remaining, the plaintiffs afterward gave them a receipt in full, was an important question at the trial, and upon the law applicable to that question, the court gave to the jury, at the instance of the plaintiffs, the following instruction:

"The jury are instructed that the giving of a receipt in full, or the crediting of the notes in question on the account of said defendants, is not conclusive evidence of payment, but the same are subject to explanation, and the inference arising from the mere receipt or credit is not sufficient to establish a positive agreement that the notes were taken as absolute payment."

This instruction was erroneous, and under the circumstances of the case, well calculated to mislead the jury. While

Lyons v. Williams.

it is true that a receipt in full is not conclusive, but only *prima facie* evidence of payment, it is evidence of a high and very convincing character.    As said in Winchester v. Grosvenor, 44 Ill. 425: "That a receipt may be explained by parol is conceded, but the proof by which it is done must be clear and unmistakable.    A written receipt is evidence of the highest and most satisfactory character, and to do away with its force, the testimony should be convincing, and not resting in mere impressions, and the burden of proof rests on the party attempting the explanation."

The account upon which the notes were credited as cash being receipted in full, a *prima facie* inference arises that the notes were taken in payment, and that inference, as we have seen, is of a strong and convincing character.    The rule is that *prima facie* evidence, in the absence of rebutting proof, establishes the fact which it tends to prove, yet the instruction holds precisely the contrary.    It holds that the *prima facie* inference arising from the crediting of the notes and the receipt is not sufficient to establish a positive conclusion that the notes were taken in payment.

Again, the instruction seems to intimate, and may have been understood by the jury as holding that it was essential for the defendants, in order to avail themselves of the notes as payment, to show that there was a "positive agreement" that they should be so applied.    Such certainly is not the law. The agreement by which such application was made may be shown to have been positive or express, or it may be implied from the acts and dealings of the parties and the nature of the transaction.    The material question is, whether the notes were in fact received and applied by the plaintiffs as payment on the account; and whether the application was in pursuance of a positive agreement or a tacit understanding between the parties is unimportant, provided the actual intention was to apply them in that way.

As the case must be submitted to another jury we forbear discussing the evidence, but for the error in giving the foregoing instruction the judgment will be reversed and the cause remanded.

Judgment reversed.