C. J. STEWART, Appellant, v. JOHN A. SPARKMAN, Respondent.

St. Louis Court of Appeals, April 29, 1898.

1.  **Instructions:** LEGAL EFFECT OF EVIDENCE.   It is not improper to state in an instruction the legal effect of evidence offered in bar of an action or defense.

2.  ———.   Unless this is done the jury are left without proper guidance as to the law governing a special ground of defense or right of recovery.

3.  ———.   Neither are such directions within the rule prohibiting the singling out of particular facts in the chain of proof.

4.  ———.   It is always proper to pass upon the legal effect of the evidence claimed by the offerer to warrant a finding in his favor.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

No brief furnished for appellant.

WHITE & McCAMMON for respondent.

The trial court committed no error in giving the instructions. They cover the whole case, and correctly declare the law, as laid down by this court when the case was here the first time. Stewart v. Sparkman, 69 Mo. App. 456. An instruction which singles out a portion of the evidence and directs a verdict upon it, ignoring pertinent facts, is, of course, erroneous; and that is the vice at which the cases cited by appellant are directed. It is, however, perfectly proper to declare the legal effect of documentary evidence, or the legal effect of a particular state of facts. Dougherty v. R. R., 97 Mo. 659–662; Senn v. R'y, 135 Mo. 520; Muelhaussen v. R. R., 91 Mo. 346; Kuhl v. Meyer, 42 Mo. App. 482; Chouteau v. Iron Works, 83 Mo. 78–83.

BOND, J.—This action is upon a note for $496.69. Defendant pleaded a failure of consideration, in that the note was given for the amount of dividends which plaintiff falsely misrepresented to be due on certain bank stock which he traded to defendant in exchange for a farm in Greene county, Missouri. PROMISSORY note: consideration. The case was here on a former appeal (69 Mo. App. 456). Upon its remand under decision then made, there was a judgment for defendant, from which plaintiff appealed.

The evidence adduced on the present and former trials were substantially similar. As the case was remanded on the former hearing for substantial conflict in the evidence as to the defense contained in the answer, the only question for review on this appeal is, were the issues fairly presented in the instructions? They are, to wit:

"1. The court instructs the jury, that if they believe from the evidence that at or before the time of

the execution and delivery of the note sued on, the plaintiff represented to the defendant that there. was a dividend in the Stone county bank which would be paid shortly, and if the defendant relying upon said statement, and believing the same to be true, gave his note as a consideration therefor, or as a part of the trade for plaintiff's stock in the Stone county bank and said alleged dividend, and if, as a matter of fact, there was no such dividend, then you will find the issues for the defendant.   Unless you find the above facts to be true, you will find the issues for the plaintiff, and assess his damages at the face of the note and interest at the rate of 8 per cent per annum from March 7, 1895, and 10 per cent attorney fees.   The burden of proving the facts necessary to this defense is upon the

INSTRUCTIONS.

defendant, and he must show the same by a preponderance or greater weight of the evidence.''

"2.   Although the contract between the plaintiff and defendant and J. P. Youngblood may have stipulated that the defendant released 'said C. J. Stewart from any losses which may be incurred in the settlement of the business of the Stone county bank,' nevertheless such stipulation does not prevent the defendant from showing, as a defense in this case, that the plaintiff, at the time of the making of the note sued on, represented to the defendant that there was a dividend in the Stone county bank, and that such representation was false, and that defendant gave said note believing the said representation to be true."

Taken as a whole, the above instructions do not incorrectly present the law arising upon the issues joined.   The decisive question of fact submitted to the jury was whether or not plaintiff fraudulently misrepresented that there was a dividend payable on the shares sold to defendant, and by this means secured the note to cover such dividend.  The court in the

above directions told the jury that the burden of proving such misrepresentation was upon defendant, though it was not precluded from such proof by reason of certain recitals in a collateral contract introduced in evidence for the purpose of showing a release of liability to plaintiff on this account. The contract in question having been offered as a conclusive bar to the defense of misrepresentation, it was not improper for the court to tell the jury that such was not its legal effect. The court did not in any way lessen the burden resting on defendant to establish the defense set up in his answer; it merely told the jury that he was not debarred from proving such defense by the terms of a contract between himself, plaintiff, and a third person. It is not improper to state the legal effect of evidence offered in bar of an action or defense. Unless this is done the jury are left without proper guidance as to the law governing a special ground of defense or right of recovery. Neither are such directions within the rule prohibiting the singling out of particular facts in the chain of proof. They are rather rulings upon the totality of the proof offered to overthrow a defense or sustain a right to recover. It is always proper to pass upon the legal effect of the evidence claimed by the offerer to warrant a finding in his favor. The instructions in this case related to the single issue as to the misrepresentation as to the existence of a dividend for which the note in suit was given. We do not think they presented an incorrect statement of the law applicable to the facts bearing on this issue. Nothing else being before us for review the judgment is affirmed. All concur.

*Not improper to instruct on the legal effect of evidence.*