# TICE, Appellant, v. FLEMING.

### Division Two, March 17, 1903.

1. **Ejectment: IMPROVEMENTS: CONSTITUTION.** The provision of the statute requiring the successful plaintiff in ejectment to pay for the improvements made by defendant in good faith believing himself the owner, does not invade plaintiff's constitutional rights by making the owner of the legal title pay for improvements to which he has in nowise consented. He is supposed to know what is being done with the premises, and if he fails to give notice of his superior claim, he should compensate the defendant who, ignorant of his claim, makes improvements which he subsequently enjoys.

2. **Statute of Limitations: SHORTENED BY LEGISLATURE: SUIT ON JUDGMENT.** The Legislature can not so shorten the statute of limitations as to make it include the period of existence of the cause of action then expired. As to the shortened period the statute can only operate after the passage of the act. If the statutory period in which actions upon judgments may be brought was twenty years at the 'time of the passage of the act changing that period to ten years, then the action on the judgment would not be barred until ten years after the enactment of the new statute, unless the action would be sooner barred under the former statute.

3. **Ejectment: IMPROVEMENTS: SET-OFF.** A judgment for rents and profits in ejectment can be reduced and even satisfied out of the award for the value of the improvements. The successful plaintiff in ejectment who abandons so much of his judgment as gives him possession of the premises must consent in a suit for the monetary part of his judgment to have set-off against it the defendant's award for improvements.

## Transferred from St. Louis Court of Appeals.

AFFIRMED.

*W. E. Barton* for appellant.

(1) The action is not barred by the statute of limitation. (a) Because twenty years had not elapsed since it accrued. R. S. 1889, sec. 6796; Meyer to use v.

Mohrhoff, 19 Mo. App. 684.    (b)    Even if the Act of
1895 has application to prior judgments, the limitation
runs only from the dates they went into effect.    Sei-
bert v. Copp, 62 Mo. 185; Callaway Co. v. Nolley, 31 Mo.
398; Weber v. Manning, 4 Mo. 231.    (c)    Excluding
the six months during which the temporary injunction
was in force, ten years had not elapsed since the cause
accrued.    R. S. 1889, sec. 6787; Findley v. Caldwell, 1
Mo. 512.    (2)    Section 4645, Revised Statutes 1889, is
highly equitable and allows full compensation for im-
provements.    Dothage v. Stuart, 35 Mo. 254; 10 Am.
and Eng. Ency. of Law, 542 and 543; Stump v. Horn-
back, 94 Mo. 26; s. c., 109 Mo. 272.

*Orchard & Saye* for respondent.

(1)    Appellant's right of action was barred by the
statute of limitation when he filed his suit.    The judg-
ment sued on was rendered May 22, 1889.    The present
suit was filed October 7, 1899, more than ten years after
the judgment was rendered, and is therefore barred.
Section 4297, Revised Statutes 1889, applies here.    The
Legislature has the right to shorten the time within
which a cause of action may be brought.    It goes to
remedy the right of action, and not to the contract.
Seibert v. Copp, 62 Mo. 185.    (2)    There is no ques-
tion but what rents and profits can be set off against a
judgment for improvements.    Then why should not
improvements be set off against rents and profits?    We
think the rule works both ways.    Tissier v. Hill, 13 Mo.
App. 39; Fenwick v. Gill, 38 Mo. 528; Stump v. Horn-
back, 109 Mo. 279.

FOX, J.—On October 7, 1899, plaintiff filed, in sub-
stance, the following petition:

"Plaintiff states that on the 22nd day of May, A.
D. 1889, in the circuit court of Missouri, within and for
Texas county, and at the May, 1889, term thereof, said

court being one of general jurisdiction in a certain eject-
ment suit then therein pending, where this plaintiff was
plaintiff and this defendant was defendant, this plain-
tiff recovered judgment, which was duly given by said
court, against this defendant for the possession of the
southeast quarter of section twenty-five, township
twenty-eight, range nine west, said real estate being
situate in Texas county, Missouri, also for the sum of
$85.92 for damages and rents, also for $3 per month
from the rendition of said judgment until the posses-
sion of said lands hereinbefore described should be re-
stored to this plaintiff, also for his costs amounting to
$26.40 and also for a writ of restitution to be issued on
said judgment. Plaintiff further says that no part of
said judgment has ever been paid or satisfied, that the
possession of said premises has never been restored to
this plaintiff. Plaintiff further states that after the
rendition of said judgment, to-wit, on the 22nd day of
May, 1899, defendant instituted in the circuit court of
Missouri, within and for Texas county, said court being
one of general jurisdiction, a suit against this plain-
tiff for improvements made in good faith on the lands
aforesaid and then and thereupon obtained a temporary
injunction from the said court by which the judgment
hereinbefore mentioned for the possession of said real
estate and damages was stayed and its execution en-
joined; that the said temporary injunction remained in
full force for the space of six months, to-wit, until
November 22, 1899, at which time the same was dis-
solved.''

The prayer is for $650.62 and possession of land
described in the petition.

The answer filed November 23, 1899, properly ad-
mits the judgment sued on, admits the injunction of
May, 1889, denies other allegations, and proceeds as
follows:

"Defendant further answering states that he ob-
tained an injunction against this plaintiff at the May

term, 1889, staying the judgment of plaintiff for the possession of the lands described in plaintiff's petition and the judgment for damages, $85.92, and rents and profits, and enjoining execution thereon until such time as suit for improvements on said lands made by defendant in good faith were determined, and until whatever judgment this defendant might recover against this plaintiff should be fully paid off and discharged; and that said injunction and restraining order has never been dissolved, but stands, in full force and effect. Defendant further states that at the November term, 1889, of the circuit court of Texas county, Missouri, the suit for improvements on the land described in plaintiff's petition, where this defendant was plaintiff and this plaintiff was defendant, was duly tried, and that this defendant recovered judgment against this plaintiff for the sum of $350 for the value of his improvements made on said lands, together with his costs in said suit, amounting to $71, and that he retain possession of said lands until said judgment was fully paid off and discharged. Defendant says that no part of said judgment has ever been paid but that the whole amount thereof with interest thereon remains due and unpaid except $20 on the costs of said suit, which would leave a balance due on said judgment and costs of $401 with interest thereon at six per cent per annum from the rendition thereof. Defendant says that the judgment of plaintiff for damages would be a set-off against the judgment of this defendant to the amount of $85.92, and rents and profits at $3 per month for six months, amounting to $18, making a total of $103.92, and would be entitled to be credited on defendant's said judgment, leaving a balance due this defendant on his judgment for improvements of $246.08. Wherefore, defendant asks that so much of his judgment for improvements on said land as will satisfy plaintiff's judgment for damages, rents and profits be set off against plaintiff's said judgment for damages, rents and profits. Defendant for

further answer says that the rental value of said lands was caused by the improvements placed thereon by this defendant and defendant says he is not chargeable with rents and profits thereon.''

The ten and five-year limitation statutes are properly pleaded.

The replication is a general denial.

It will be observed from the petition in this cause that the plaintiff, in addition to the collection of the money judgment, included in his action the recovery of the land, for which he had recovered judgment by the judgment upon which this suit is brought. However, we will say that, from the brief filed by appellant, this part of the claim, as alleged in the petition, is abandoned, hence we will not regard that as being before this court for review. Appellant remarks in his brief ''that the only question in this appeal is, can this $85.92 with interest be collected?''

In the answer in this case there is pleaded the statute of limitation, and also a judgment for improvements, which is claimed as a set-off against the judgment sued on for eighty-five dollars and ninety-two cents. This judgment, upon which suit is brought for its collection, was rendered for damages, rents and profits in the original ejectment suit, between these parties. There is no dispute as to the facts; the judgment for improvements in favor of defendant was introduced; in fact, it is practically admitted that said judgment was recovered as alleged.

It appears from the record in this cause that appellant, in his motion in arrest of judgment, presented a constitutional question, hence, this cause is transferred to this court by the St. Louis Court of Appeals.

There are but two questions involved in this controversy:

First. Was the action upon the judgment as alleged in the petition barred by the statute of limitation?

Second. Could the judgment for improvements, recovered by respondent in November, 1889, to the extent of the judgment for rents and profits, sued on, be applied as a set-off against such action?

These questions are very fully and ably presented in the brief of learned counsel for appellant, in the brief filed in the St. Louis Court of Appeals. As to the constitutional question, it is not discussed; however, our attention is directed to it. It is not specifically pointed out in the brief in what particular the judgment is violative of the provisions of section 20, article 2, of the Constitution of this State; hence, we will assume that it is upon the ground that the trial court was dealing partly with a judgment under the statute for improvements, and the claim of appellant is that it invades the Constitution, because the person having the legal title is made to pay for improvements without in any way consenting to the improvements being made. Numerous cases have been before this court involving the questions of judgment for improvements, and these judgments have invariably been treated as valid and the statutes upon which they were based regarded as wise provisions, protecting the interests of occupants of land believing they had title, and so believing, in good faith, made valuable improvements. While it may be said that the holder of the legal title does not expressly consent to the making of the improvements, he is presumed to know of his ownership of the property and is supposed to know what is being done upon the premises. If he fails to give proper notice of this claim to the property to the person who is occupying it, in good faith, believing he has the title, then upon principles of equity and justice, if he permits such occupant to remain in possession, ignorant of any superior claim, and make valuable improvements, he should compensate the occupant for such improvements, the benefits of which he subsequently enjoys. We are of the opinion that there is no merit in this contention.

Upon the first question presented to us for review, as to this action being barred by the statute of limitation, we will say that we have reached the conclusion that the contention of the appellant is well supported and the action is not barred by the statute of limitation.

When the original judgment upon which this suit is brought was rendered, the statutory period in which all actions upon judgments of this character were barred was twenty years. [Sec. 6796, R. S. 1899.] In 1895, the statutory bar was lessened to ten years. [R. S. 1899, sec. 4297.] It was under the provision of the statute of 1895 that respondent bases his plea of the statute of limitation. While it may be conceded that the Legislature may shorten the statutory period in which actions are to be prosecuted, yet as to the shortened period fixed, such statute can only be operative after the passage of the act. In other words, the Legislature is not authorized to make a statute of limitation retrospective in its operation, and include the period of existence of the cause of action prior to the enactment of the statute. It will be observed the cases cited (Seibert v. Copp, 62 Mo. 182, and Callaway County v. Nolley, 31 Mo. 393) announce the doctrine that where the action accrued under a former statute and subsequently the statute is changed, fixing a different period, before the action is barred, the full period must elapse as fixed by the later statute. This contention is settled by the case of Cranor v. School District, 151 Mo. 119. In that case the question presented was identical with the one here presented. In that case, Burgess, J., says, in speaking of the Act of 1895: ''But in the Act of 1895 no time is given after its passage in which suits upon judgments of courts of record theretofore rendered may be brought, and if it applies to such judgments it is as to them unconstitutional and void in that it cuts short the plaintiff's right to sue, thereby depriving him of a vested right.'' The subject is fully discussed in that

case and the conclusion reached that the statute of 1895 can have no application to judgments rendered prior to its enactment.

This brings us to the only remaining question in dispute in this cause. This contention is sharply presented in the refusal of the court to give the declaration of law, requested by the plaintiff, which substantially declared that no part of the judgment for improvements could be set off against the original judgment for rents and profits.

The action of the trial court finds support upon this disputed question, not only in the adjudicated cases, but upon the broad and growing principles of equity. The first case that makes reference to this proposition is the case of Tissier v. Hill, 13 Mo. App. 36. There it is announced in unmistakable language that ''the harsh rule of the common law has become so far relaxed as to allow defendant in ejectment to set off the value of improvements made by him in good faith during his occupancy, to the extent of the rents and profits claimed.'' In the case of Fenwick v. Gill, 38 Mo. 510, the court very clearly announced the doctrine that ''the statute contemplates that the party dispossessed may recover compensation for all improvements made by him, in good faith on the lands prior to his having notice of the adverse title,'' and in that case set off the value of the improvements against the rents and profits. This case was decided under the statute of 1855, section 20, page 694, which is substantially the same as the present statute in respect to that subject. It may be said, as to that case, that the defendant was in possession and claiming title through the plaintiff; but it in nowise alters the rule that one may be set off against the other. The only distinction is as to when and how the value of improvements can be recovered. In case the defendant's possession and occupancy is by claim of title through the plaintiff, then the value of the improvements may be considered in the ejectment suit; but if

defendant's occupancy is under a stranger to the title of plaintiff, then his action for improvements must be an independent one, under the statute. [Henderson v. Langley, 76 Mo. 226.] The case of Stump v. Hornback, 109 Mo. 272, refers approvingly to the case of Fenwick v. Gill, supra. In that case, the court says: "The proceedings to recover for improvements were designed merely to supplement and continue the ejectment suit out of which they grew, and enforce the equities of the occupant before the *judgment* in the original suit had been executed; otherwise in many cases the claims for compensation might be wholly fruitless. So, it has been held, as in this case, on the first appeal that the judgment for damages, rents and profits in the ejectment suit should be set off by the award in the subsequent proceeding for compensation (Fenwick v. Gill, 38 Mo. 528)." It will be observed that the court announces in that case that the judgment for damages, rents and profits, may be set off against the judgment for value of improvements; then refers to the case of Fenwick v. Gill, supra, as sustaining that position. It does sustain it in principle, for the case of Fenwick v. Gill, holds that the value of the improvements may be set off against the value of the rents and profits. And the case of Stump v. Hornback, supra, just reverses it and holds that the rents and profits may be set off against the value of the improvements, and relies upon the Fenwick case to support the announcement of the principle. We take it that it needs no argument if you can set off rents against improvements, then it is clear, you can reverse it and set off improvements against rents. But the case of Stump v. Hornback, goes farther and announces clearly the inference to be drawn from the statute; there the court says: "There is nothing in any section of the statute from which an inference can be drawn that the judgment, in the ejectment suit, is in any manner modified or affected by the proceeding for compensation other than that part of it, awarding

damages and accruing rents and profits, may be reduced or satisfied by the award for the value of the improvements.''

It will be observed that the court in that case reached the conclusion that a judgment for rents and profits, similar to the one sued on in the case at bar, could be reduced or even satisfied out of the award for the value of the improvements, and we have reached the same conclusion.

The plaintiff in this case procured his judgment for the recovery of the land and the value of his rents and profits, and upon the defendant securing his award for the value of his improvements, the plaintiff practically abandons his judgment; makes no effort to adjust the equities and set off the rents and profits against the value of the improvements, and enforce his judgment; but after a silence for ten years, he undertakes to enforce the money part of his judgment, and insists that the judgment for improvements to the extent of his judgment for damages, rents and profits should not be set off against his action.

We can not maintain this contention. The court, upon every principle of equity and justice, did right in allowing the defendant his set-off, and its judgment will be affirmed. All concur.