CHARLES WINKLEMAN et al., Respondents, v. DES MOINES & MISSISSIPPI LEVEE DISTRICT NO. 1, Appellant.

St. Louis Court of Appeals, February 4, 1913.

1. **DRAINAGE DISTRICTS: Liability of New District Succeeding Old: Corporations.** Where a levee district ceased its activities and did not exercise its franchise rights after a judgment was rendered against it, and another levee district, covering the same territory and inhabitants and exercising the same powers with respect to the levying and collecting of taxes, took over, without compensation, all of the property of the old corporation, the latter, in an action on the judgment against the new corporation, will be treated as defunct, although in fact it had not been formally dissolved, and the new corporation will be treated as a continuation of the old; the grant of power and franchises being to the inhabitants of the incorporated territory rather than to the dry shell of the corporation.

2. **CORPORATIONS:** Consolidated Corporation: Liability for Debts of Constituent Members. As a general rule, where two

171 Mo. App.—4

or more private corporations are consolidated into a new corporation and the constituent corporations go out of existence, the consolidated corporation may be required to respond for their outstanding liabilities, if no arrangements are made respecting their property and liabilities.

3. MUNICIPAL CORPORATIONS: Consolidation: Liability for Debts of Constituent Members. The rule that a consolidated corporation is liable for the outstanding liabilities of its constituent members under certain circumstances applies to a consolidated municipal corporation.

4. DRAINAGE DISTRICTS: Character: Municipal Corporations. Drainage districts, incorporated under article 9, chapter 41, Revised Statutes 1909, are public corporations, municipal in character, and resemble in their attributes townships and school districts.

5. STATUTE OF LIMITATIONS: Reducing Period of Limitation. Inasmuch as statutes of limitation pertain to the remedy only, it is competent for the Legislature to reduce the period of limitation at any time, provided a reasonable time for the enforcement of existing rights is afforded.

6. ————: Action on Judgment: Statute Applicable. The Act of 1895, p. 221 (Sec. 1912, R. S. 1909), which reduced the time for bringing action on judgments from twenty years to ten, does not apply to judgments rendered prior to its enactment, and an action on such a judgment is not barred until twenty years after its rendition, although, at the end of that period, more than ten years have elapsed since the time the act became effective.

Appeal from Clark Circuit Court.—*Hon. C. D. Stewart,* Judge.

AFFIRMED.

*C. T. Llewellyn* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. The existence of Egyptian Levee Co. being pleaded and it being sued, admits its existence, and its existence is presumed to continue, and if still existing, it can have no successor, its liabilities are its own and cannot be saddled upon another and different public corporation. Allegations of status and capacity are material and necessary. Weil v. Greene County, 69 Mo. 281; 1 Ency. of Plead. & Prac. p. 796; State ex rel. v. Bugg, 224 Mo. 537. (2)

The appropriation of the property of the Egyptian Levee Company by the Des Moines and Mississippi Levee District would not make the Des Moines and Mississippi Levee District liable for debts of the Egyptian Levee Company. Something more than merely acquiring its property is necessary to make successor liable for burdens of predecessor. McConey v. Wallace, 22 Mo. App. 377; Gamage v. Bushell, 1 Mo. App. 416; Scott v. Rebarck, 67 Mo. 289; Pier v. Heinrichoffen, 52 Mo. 333. (3) Levee and drainage districts are quasi-public corporations and such districts are not liable for tort or negligence of their officers. The appropriation of property or rights of a corporation by officers of another corporation is a tort or wrong for which officers appropriating are individually liable, but not the district of which they are officers. This is a well settled law. Elmore v. Drainage Commissioners, 135 Ill. 269; Sels v. Greens, 81 Fed. 555; 10 Am. and Eng. Ency. of Law (2 Ed.), p. 235; 5 Thompson on Negligence, sec. 5818; Arkadelphia v. Windham, 49 Ark. 139. (4) The ten year Statute of Limitations pleaded by defendant Des Moines and Mississippi Levee District is a complate bar to plaintiffs' action. R. S. 1899, secs. 4272, 4297; Seibert v. Copp, 62 Mo. 182; Sweet v. Jeffries, 67 Mo. 420; Cranor v. School District, 151 Mo. 119; Tice v. Fleming, 173 Mo. 49; Ryans v. Boogher, 169 Mo. 685.

*Berkheimer & Dawson* for respondents.

The Des Moines and Mississippi Levee District No. 1 took the assets of said Egyptian Levee Company and is responsible for its indebtedness. Hughs v. School District, 72 Mo. 643; Thompson v. Abbott, 61 Mo. 176; Bane's Administrator v. Bank, 79 Mo. 172; 2 Am. & Eng. Ency. Law p. 1237; Dillon on Municipal Corporations (4 Ed.), secs. 171, 172 and 173; Hill v. City of Kahoka, 35 Fed. 32; Broughton v. City of Pen-

sacola, 93 U. S. 226; Mobele v. Watson, 116 U. S. 289; Laird against Desota, 22 Fed. 421; People v. Murrey, 75 N. Y. 535; Mt. Pleasant v. Beckwith, 100 U. S. 514; New Orleans v. Clark, 92 U. S. 644; Deveraux v. Brownsville, 70 Am. Rep. 610; Commissioners v. Clark, 70 Pac. 206. (2) The Act of 1895 (Laws of 1895, page 221) did not affect the judgment already obtained as that statute uses the words: "and after the expiration of ten years from the day of the rendition." This section is not retrospective in its application and does not pretend to provide a reasonable period nor fix a period for commencing action on existing judgments. Cranor v. School Dist., 151 Mo. 124.

NORTONI, J.—This is a suit on a judgment. The finding and judgment were for plaintiffs and defendant prosecutes the appeal.

Plaintiffs' predecessor in right recovered the judgment in suit in the circuit court of Clark county on November 19, 1890, in the sum of $1963.77, against the Egyptian Levee Company, a corporation formed and existing at the time by virtue of an act of the Legislature passed February 27, 1855. The Egyptian Levee Company was incorporated under this act for the purpose of reclaiming and protecting from overflow about 11,000 acres of land in Clark county lying between the Des Moines and Fox rivers and near the Mississippi. [See Session Acts 1855, page 73; Local Laws and Private Acts, 1855, page 281.] During the existence of this corporation, which continued active until shortly before the defendant was organized in 1903, it contracted the indebtedness which was reduced to judgment in November, 1890, as above stated. The judgment was not paid by the Egyptian Levee Company and it appears that corporation ceased its activities before the defendant was organized.

The Egyptian Levee Company was authorized by the act of incorporation to exercise the power of emi-

nent domain and to build and repair levees, ditches and embankments to prevent the inundation of lands within the levee district, to levy taxes to a fixed limit, to pay for the construction of such earthworks, and also collect taxes for the purposes of keeping them in repair. It was authorized, too, to acquire title in fee simple (which it did) to the right of way for its levees and embankments, not to exceed one hundred feet in width. The property thus acquired and constructed by that company consisted of rights of way, levees and ditches, drains, etc., and amounted in value to $20,000 at the time it was finally taken over or absorbed by defendant.

It appears that several years after plaintiffs' predecessor in right recovered the judgment in suit against the Egyption Levee Company, the board of directors of that company refused to meet and further conduct its affairs or utilize the corporate franchises which it enjoyed. Shortly thereafter, on December 28, 1903, defendant, Des Moines & Mississippi Levee District No. 1, was organized by a decree of the circuit court of Clark county, under the general statutes of Missouri touching such matters—that is to say, under article 7, chapter 122, Revised Statutes of Missouri, 1899. (The same is now Art. 9, chap. 41, R. S. Mo. 1909.) Defendant, Des Moines & Mississippi Levee District No. 1, so incorporated in 1903 under the general statutes, was created for identically the same purpose as the prior corporation, Egyptian Levee Company, against which the judgment in suit was then outstanding and unpaid. Furthermore, the new corporation, or defendant levee district, included precisely the same lands, territory and inhabitants as the old one, and exercised the same powers with respect to levying and collecting taxes for the same purposes.

In the proceedings had with respect to the incorporation of defendant levee district in 1903, the board of supervisors of the new district appointed three dis-

interested freeholders of the county, under section
8365, Revised Statutes 1899, for the purpose of tak-
ing the relinquishment of right of way for levees and
drains and to assess the value of any levees or im-
provements then constructed which might be utilized
by the new district. Although these commissioners
qualified and acted, they did not assess the value of
the right of way, levee and ditches, then constructed
and in existence, of the prior Egyptian Levee Com-
pany, notwithstanding it is agreed such property was
of the value of more than $20,000.. However, defend-
ant Des Moines & Mississippi Levee District No. 1
appropriated the right of way, levees, ditches, drains
and improvements of the Egyptian Levee Company to
its own use and has continued to use the same ever
since.

Though the old Egyptian Levee Company has
never been dissolved by an act of the Legislature, or
otherwise formally declared out of existance, plaintiffs
prosecute this suit against defendant—that is, the suc-
ceeding or new corporation—to recover the amount of
the indebtedness owing to them by virtue of the judg-
ment against the prior Egyptian Levee Company, on
the theory that it is in fact the successor as a continua-
tion of the prior levee company and in which the prior
levee company, together with all of its assets, is
merged.

It is argued on the part of defendant that the re-
covery may not be sustained against it for the reason
that it does not appear that the prior Egyptian Levee
Company had been dissolved and no longer exists.
But we are not so persuaded. While it is true that the
prior levee company was not dissolved by a formal act
of the Legislature, or otherwise, if it were possible to
otherwise dissolve it, it appears beyond question that
that company ceased active operations after plain-
tiffs' judgment was recovered and shortly before de-
fendant, or the new levee company, was incorporated.

The record reveals that the board of directors last elected by the old company refused to qualify or to further act in that capacity and utilize the franchises which the company enjoyed by virtue of its incorporation. Immediately thereafter defendant, or the new levee district, was organized under the general statutes for identically the same purposes as the old one. It included and covered the same territory as and no more than the old one did. By virtue of its incorporation, it clothed itself with the same rights of eminent domain and the taxing power possessed and enjoyed by the Egyptian Levee Company, and thereupon took over and appropriated, without any compensation whatever, all of the property, consisting of levees, ditches, drains, etc., owned by the prior company. The inhabitants and the lands included within both corporations were, at the time of the incorporation of the new company, identical and the same. The new company proceeded to exercise the corporate franchises thus acquired for the benefit of the same territory and the same lands and the same inhabitants, to levy taxes, construct levees, drains, etc. etc., and the old company, while remaining in existence, in that it was not formally dissolved, lay dormant with respect to the corporate franchises which it had theretofore enjoyed and which are being utilized as to the same subject-matter by defendant.

In such circumstances, it is competent for the court to treat the old corporation as defunct, though it in fact still exists; for the grant of power and franchises is to the inhabitants of the incorporated territory rather than to the dry shell of the corporation, and these franchises are being utilized each day for the benefit of the same inhabitants as under the old corporation. In other words, because of the voluntary nonuser of the franchises on the part of the old company and their exercise by the new company, the matter amounts in law to a continuation of the old cor-

poration under the name of the new company, rather
than to a new and distinct creation of corporate ca-
pacity and liability. [See Broughton v. Pensacola 93
U. S. 266; 4 Dillon, Muncipal Corporations, secs. 171,
172, 173, also sec. 170.] As a general proposition,
when two or more private corporations are consoli-
dated into a new corporation with a new name, and the
constituent corporations go out of existence, if no
arrangements are made respecting their property and
liabilities, the consolidated corporation may be re-
quired to respond for the outstanding liabilties of the
constituent companies. [See 6 Am. & Eng. Ency. Law
(2 Ed.), 818, 819; Fans' Admr. v. Exchange Bank of
Jefferson City, 79 Mo. 182. See, also, Kinion v. Kan-
sas City, Ft. S. & M. R. Co., 39 Mo. App. 574; Karn v.
Illinois Southern R. Co., 114 Mo. App. 162, 89 S. W.
346.] That the principle should obtain alike with re-
spect to the ordinary municipal corporation no one
can doubt. Indeed, the doctrine has been affirmed and
enforced by our Supreme Court in the case of such
municipal corporations as school districts, where the
debtor district had been absorbed through the incor-
poration of a new school district under the statute,
and included the same and additional territory as that
constituting the former incorporated body. [See
Thompson v. Abbott et al., 61 Mo. 176; Hughes v.
School District, 72 Mo. 643.] The principle is emi-
nently just and should be extended to every case where
the new corporation comes into existence and includes
the same territory and the same inhabitants for the
same purposes as the old one and appropriates the
property of the prior corporation to the uses of the
inhabitants for which the corporation was erected to
serve. [See 4 Dillon Municipal Corporations, secs.
170, 171, 172, 173; Hill v. City of Kahoka, 35 Fed. 32;
Broughton v. Pensacola, 93 U. S. 266; Mobile v. Wat-
son, 116 U. S. 289, 6 Sup. Court Rep. 398; People v.
Murray, 73 N. Y. 535.] That drainage districts incor-

porated under the statutes such as those involved here are public corporations of the State, municipal in character, and resembling in their attributes townships and school dictricts, is settled by the Supreme Court decisions to that effect. [See Wilson v. Drainage & Levee Dist., 237 Mo. 39, 139 S. W. 136; Morrison v. Morey, 146 Mo. 543, 560, 561, 48 S. W. 629.] The court very properly found the issue for plaintiffs and gave judgment enforcing the liability of defendant for the obligation of the Egyptian Levee Company on the theory that it was merely a continuation of the old company under a new name.

But defendant insists that a recovery on the judgment in suit is barred by the Statute of Limitations. The judgment was recovered on November 19, 1890, in the sum of $1963.77 against the Egyptian Levee Company and together with accrued interest and costs now amounts to nearly $5000. At the time this judgment was recovered, the statute prescribed a limitation period of twenty years as to such judgments, but in 1895, or about five years after the recovery of the judgment, the limitation statute was amended and the period of limitation theretofore. prescribed at twenty years was fixed by the amendment at ten years instead. [See Laws 1895, p. 221; and, as amended, see Sec. 1912, R. S. 1909.] The amended statute contains no words suggesting that it should be retroactive in its operation. Furthermore, it makes no provision as to a reasonable time for suits on judgments recovered prior to its enactment. This suit was instituted against defendant on the judgment December 7, 1905, or fifteen years after the judgment was recovered, and more than ten years after the Statute of Limitations was amended reducing the period of limitations from twenty years to ten. It is argued by defendant that though it be conceded the statute is not retroactive in its operation, a recovery on the judgment is nevertheless barred by the amended statute for the reason

that ten full years elapsed after the amendment and prior to the institution of this suit. When we consider that Statutes of Limitation pertain to the remedy only, and that it is competent for the Legislature to reduce the period of limitation at any time so long as a reasonable time for enforcement of existing rights is afforded, it would seem that the argument inheres with much force; but, be this as it may, the proposition is concluded here by prior decisions of the Supreme Court on the identical statute and amendment thereto now in judgment. In those cases, the court says the amended statute must be regarded as having no application to judgments rendered prior to its enactment. [See Tice v. Fleming, 173 Mo. 49, 55, 56, 72 S. W. 689; Cranor v. School Dist., 151 Mo. 119, 52 S. W. 232.] The syllibi in the case of Tice v. Fleming, supra, seems to support defendant's argument here, but upon a scrutiny of that case, it is not sustained by the opinion of the court, which it purports to reflect. However, on a prior occasion this court was misled by the language of that syllibi and stated the rule of law in Bick v. Robbins, 131 Mo. App. 670, 111 S. W. 612, to the effect that the amended statute of 1905 prescribed a limitation of ten years from the date of its passage, available against actions on judgments then in existence, when the judgment would not be barred at an earlier date under the statute before its amendment. What was there said on this question should be expressly overruled, for it is obvious that the Supreme Court holds that the amendment of 1905 is not applicable *at all* to judgments recovered prior to its enactment.

The judgment should be affirmed. It is so ordered. *Reynolds P. J.*, and *Allen, J.*, concur.