W. D. TATLOW, Respondent, v. AGNES O'DAY CRAWFORD, Administratrix of the Estate of A. B. CRAWFORD, Deceased, Appellant.

Springfield Court of Appeals, March 20, 1915.

1. **JUDGMENT: Assignment of: When Sufficient.** A judgment was assigned with the description that it was the judgment referred to and described in an appeal bond. The assignment

did not state how the bond was signed and the bond was not in fact signed by the judgment debtor. The assignment sufficiently described the judgment set forth in the body of the bond.

2. ———: Limitations: When Judgment Enforceable. Sec. 1912, R. S. 1909, which provides that after the lapse of ten years all judgments are presumed to be paid, does not affect a judgment rendered in 1893. And although there appears a satisfaction of the judgment rendered in 1897 against a surety on a bond on appeal from the judgment, the judgment is enforceable.

3. ———: Release of Surety on Appeal Bond: Not Satisfaction of Original Judgment. A release of a surety on an appeal bond against whom a judgment has been rendered does not operate as a release of the original judgment. Sec. 2777, R. S. 1909.

4. INSTRUCTIONS: Harmless Error. Action to establish a claim against decedent's estate on a judgment rendered against decedent. The undisputed evidence showed that the surety on an appeal bond of an unsuccessful appeal from the judgment showed that a surety on said bond had paid a specified sum and the court required a finding that the full amount of the judgment had been paid by the claimant. A requested instruction to the effect that payment in full by the surety was presumptive evidence of payment in full of the judgment was refused. If error it was harmless, not necessitating a reversal.

5. TRIALS: Burden of Proof: Payment of Judgment. Where one alleges payment of an original judgment and payment of judgment against surety on an appeal bond, the burden is on him to prove such payment. And though the weight of evidence may shift during the trial, such burden does not shift.

6. JUDGMENT: Payment in Part: Instructions. Proceedings to establish a claim against decedent's estate on a judgment rendered against decedent. The undisputed evidence showed that a surety on the appeal bond against whom judgment had been rendered had paid a certain amount thereon. An instruction allowing a credit of such payment is not objectionable on the ground that it is confusing.

7. INSTRUCTIONS: Admonitory: Harmless Error. In a proceeding to enforce a judgment nearly twenty years old, an instruction admonishing the jury not to be influenced by the age of the judgment *held* not erroneous.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*J. T. White* and *V. O. Coltrane* for appellant.

(1) Plaintiff claims that the judgment against T. A. Miller rendered in 1897, was in aid of the judgment sued on, because he says it was on the appeal bond in that case. It is elementary law that a payment of either one of these judgments satisfies the other. 23 Cyc. Law & Pro., 1493; Freeman on Judgments (2 Ed.), 467; 17 Am. & Eng. Ency. of Law (2 Ed.), 863; Weston v. Clark, 37 Mo. 568, 573. (2) Our present statute enacted in 1895, provides that every judgment shall be presumed to be paid after the expiration of ten years from the date of the original rendition thereof, with certain exceptions, not in this case, and this presumption is conclusive. The Miller judgment was rendered in 1897. It is held by the courts to be, not a Statute of Limitation, but "a rule of evidence." It does not merely raise a bar to suit on the judgment, but promulgates a rule of evidence by which the lapse of time establishes payment in fact. R. S. 1909, sec. 1912; Cobb v. Houston, 117 Mo. App. 657; Gaines v. Miller, 111 U. S. 395, 28 Law Ed. 466; Cape Girardeau v. Harbison, 58 Mo. 90; Chiles v. School District, 103 Mo. App. 240; Baker v. Stonebraker's Admr., 36 Mo. 349, 350; Schneider v. Maney, 242 Mo. 36; Swinhart v. Railroad, 207 Mo. 434; State ex rel. v. Schar, 50 Mo. 394; 4 Wigmore on Evidence, sec. 2492, p. 3535. (3) The entry on the margin of the record of the judgment in the case of McLaughlin v. Miller, to-wit: "For value received, I hereby enter full satisfaction of this judgment, this the 12th day of September, 1900," signed by the plaintiff and attested by the clerk, is prima-facie evidence that that judgment was paid in full. The burden was on the plaintiff to overcome that presumption. 30 Cyc. Law & Pro., 1224; 17 Am. & Eng. Ency. of Law, 866; Craig v. Land & Mining Co., 97 Mo. App. 44, 49; Bercier v. McInnes, 57 Miss. 279; Reid v. Reid, 18 Am. Dec. 570; Steele v. Atkisson,

37 Am. Rep. 728; Henderson v. Moore, 5 Cr. 11; State ex rel. Hoespes v. Branch, 112 Mo. 670; Gibson v. Hanna, 12 Mo. 162; Carroll v. Paul's Admr., 16 Mo. 241; Schneider v. Maney, 242 Mo. 36; Neal v. Handley, 56 Am. Rep. 785; Marston v. Wilcox, 2 Ills. 270; Lyons v. Williams, 15 Ill. App. (Bradwell) 27; Custard v. Hodges, 119 N. W. Rep. 583; Fuller v. Crittenden, 9 Conn. 401; Kahn v. Metz, 114 S. W. 911. (4) It is well-settled law that a debtor, if insolvent, may discharge a judgment or other debt by payment of less than the full amount. And the acceptance from such a debtor of part payment in full satisfaction is founded upon such consideration that the entire debt is discharged. Instruction No. 12 is erroneous. Dalrymple v. Craig, 149 Mo. 360; Engbretson v. Seiberling, 101 Am. St. 279, 122 Iowa, 522, 98 N. W. 319.

*Roscoe C. Patterson* and *W. D. Tatlow* for respondent.

(1) There is no presumption of payment of the Miller judgment under the ten years statute because the Miller judgment was released and discharged for a valuable consideration, less than four years after it was rendered. The rule is well settled in this State that when the facts appear a presumption concerning them no longer maintains. Bailey v. Railroad, 152 Mo. 461; Fitzpatrick v. Dooley, 112 Mo. 165; Haycroft v. Grigsby, 88 Mo. App. 361; Hammond v. Johnson, 93 Mo. 205, 222; Lynch v. Railroad, 112 Mo. 420, 433; Erhart v. Dietrich, 118 Mo. 418; Moberly v. Railroad, 98 Mo. 183; Oliver v. Love, 104 Mo. App. 79; Morton v. Heidorn, 135 Mo. 608, 617. (2) The court could not have sustained the appellant's demurrer at the close of all the evidence on any such presumption that might have obtained in the absence of evidence after the evidence was in showing that the Miller judgment was released in consideration of the payment of only $1200.

Schneider v. Maney, 242 Mo. 36. (3) The entry on the Miller judgment is not an acknowledgment of full satisfaction of the debt. A release of the surety does not affect the liability of the principal. 32 Cyc., page 156, title, "Principal and Surety;" 1 Brandt on Suretyship, sec. 366; Union National Bank v. Legendre, 35 La. Ann. 787; Mortland v. Hines, 8 Pa. St. 265; Woy v. Fink, 1 Pa. St. 435; Baldwin v. Ralston, 6 Pa. St. 198; Ragsdale v. Gossett, 2 Lea (Tenn.) 729; Bridges v. Philips, 17 Texas, 128; McElhaney v. Blunn, 68 Texas, 197; Peer v. Kean, 14 Mich. 354; Gilstrap v. Smith, 101 Gas. 120, 28 S. E. 600. (4) Miller being only a surety for Crawford, Porter and Davis, and separately bound for the payment of the same debt, the satisfaction of the Miller judgment did not constitute a satisfaction of the entire indebtedness, but only a release of Miller from the indebtedness. Schneider v. Maney, 242 Mo. 36. (5) When the evidence is concluded and before the case is argued or submitted to the jury, . . . either party may move the court to give instructions on any point of law arising in the case." Section 1987, R. S. 1909. Under this statute it has been many times held by the appellate courts of this State that nondirection is not error. It has also been many times decided in exactly analogous and similar cases that in such cases it devolves upon the party desiring such explanatory instructions to ask them. Browning v. Railroad, 124 Mo. 71; Hinzeman v. Railroad, 199 Mo. 56; Merriweather v. Geo. Knapp & Co., 120 Mo. App. 354; Wilson v. Railroad, 122 Mo. App. 667; Fisher v. Transit Co., 198 Mo. 562; Gamache v. Metal Co., 116 Mo. App. 596; Coleman v. Drane, 116 Mo. 394; Tetherone v. Railroad, 98 Mo. 86. (6) Appellant asked no instruction that a full payment of the Miller judgment constituted a payment of the Crawford judgment. If any such instruction had been asked it would not have been objected to and no doubt

would have been given by the court. There was absolutely no evidence in this case tending to show that the Miller judgment had been paid in full, and under the elementary rule in this State that there must be evidence on which to base an instruction, the appellant was not entitled to any such instruction. Dales v. Railroad, 169 Mo. App. 201.

ROBERTSON, P. J.—Plaintiff, on August 11, 1913, filed in the probate court of Green county his claim under a judgment in favor of S. W. McLaughlin and against A. B. Crawford in the circuit court of Christian county dated September 21, 1893, assigned to him August 16, 1898. The claim was allowed in the probate court, the administratrix appealed to the circuit court where upon a jury trial a verdict was returned and judgment entered in favor of plaintiff and the defendant has appealed to this court.

The judgment in Christian county was against A. B. Crawford, John D. Porter and Marion Davis. After the judgment was entered, an appeal was taken to the Supreme Court and an appeal bond executed which was signed by T. A. Miller and others. The judgment was affirmed by the Supreme Court and thereafter suit was brought and judgment obtained in the circuit court of Greene county against said Miller on said bond February 10, 1897. On August 16, 1898, that judgment was assigned to the plaintiff and in that assignment it is stated that the plaintiff in that judgment did "also assign, transfer and set over the judgment referred to and described in the appeal bond on which this judgment is based, to the said W. D. Tatlow, for value received."

Upon the margin of the Greene county judgment, based upon the appeal bond, the following is written and signed by plaintiff: "For value received, I hereby enter full satisfaction of this judgment this, the 12th day of September, 1900." The uncontradicted testi-

mony is that this satisfaction was entered in consid-
eration of Miller paying plaintiff $1200 solely for his
own release from this judgment, no part of it being
paid for Crawford.

June 6, 1913, A. B. Crawford died and the defend-
ant, his widow, was thereafter appointed and qualified
as his administratrix. The appraisement of the dece-
dent's estate showed a total of $545.59, consisting solely
of personal property which included a bank balance of
$285.59. The defendant in her application for letters
of administration stated that the probable value of his
estate was $400 personal property and no real estate.
The annual and final settlements were made on a show-
ing throughout of no other assets.

There was considerable testimony offered by the
defendant as to the solvency of Crawford for several
years before his death and the plaintiff's inactivity in
his efforts to collect the judgment for the purpose of
showing that the judgment had been paid.

At the close of the testimony the court at the re-
quest of the plaintiff instructed the jury (Ia.) that the
Christian county judgment was not barred by the Stat-
ute of Limitations and that no presumption of the pay-
ment arises from such lapse of time but that before
it could be found that it was paid it was incumbent
upon the defendant to prove that fact and that unless
the jury found and believed from the evidence that it
had been paid the finding should be for the plaintiff
after allowing the conceded credit of $1200; (IIa) that
the assignment of the judgment against Crawford was
sufficient and did transfer the judgment to the plain-
tiff and (VI) that the jury should determine this case
solely and alone on the evidence presented, disregard-
ing entirely any matter of sentiment, or any precon-
ceived notion as to it being unjust to enforce this claim
at that time on account of its age or death of deceased,
as the law permits a suit on a judgment rendered be-
fore 1895, at any time within twenty years from the

date it was rendered, and the claim is as valid against the deceased's estate as it was against him in his lifetime.

The defendant requested and was refused the following instruction (3):

"You are instructed that the payment in full of the judgment in case of S. W. McLaughlin v. T. A. Miller, if it was made, was full satisfaction of the judgment sued on herein in favor of S. W. McLaughlin against A. B. Crawford, and if you believe the plaintiff herein entered full satisfaction upon the margin of the record of said first-mentioned judgment, such entry is equivalent to a receipt therefor, and is presumptive evidence of full payment, and before the plaintiff can recover in this action, he must prove to your reasonable satisfaction by a preponderance or greater weight of evidence, that the same was not paid in full, and unless he has so shown, your verdict will be for the defendant."

The court gave the following instruction (12):

"You are instructed that unless you believe from all the facts and circumstances in evidence that the plaintiff has actually been paid the full amount of the judgment sued on, you should find for the plaintiff for whatever you find and believe from the evidence is due and yet unpaid."

At the request of the defendant the jury was instructed (7) that it might be found from slight circumstances that the Christian county judgment has been paid; that (8) a presumption of payment may arise from a great lapse of time taken with other circumstances and that the presumption strengthens with the age of the judgment up to the statutory limit.

The usual peremptory instructions were requested by defendant at the close of plaintiff's testimony and again at the close of all the testimony.

The defendant now here contends that the peremptory instructions should have been given because (a)

there was a fatal variance between the judgment sued on and the one described in the assignment by which defendants claim title; (b) that the Greene county judgment having been entered in 1897, more than ten years having elapsed before this claim was filed, that the act of 1895 creating the conclusive presumption that it was paid, it being ancillary to the judgment which is the basis of this action, that thereby this judgment is discharged; (c) that the form of acknowledgment of satisfaction of the Greene county judgment raised the presumption of full payment which necessarily resulted in a discharge of the judgment involved in this case, consequently instruction (3) requested by defendant should have been given; (d) that instruction number one given in behalf of plaintiff and number twelve by the court improperly limited the jury's consideration to the judgment sued on and excluded any consideration of the payment of the Greene county judgment: (e) that instruction 6 given in behalf of plaintiff is erroneous because it assumes that plaintiff had a valid and subsisting claim against Crawford while alive and against his estate after his death and that a portion of the instruction which refers to the preconceived notion is equavalent to an instruction to the jury to disregard all evidence tending to show payment.

(a)   The appeal bond offered in evidence as the one upon which the Greene county judgment is based did not have the name of A. B. Crawford signed thereto.   The record now before us shows the name of C. W. Crawford signed to it, but the body of the bond, in referring to the Christian county judgment, does properly describe it and states that A. B. Crawford is one of the defendants, so that it is clear that the above-quoted portion of the assignment is not in the least confusing when it says that the judgment which is described in the bond is assigned.   The assignment says nothing about how the bond to which reference is made

for a description of the judgment is signed. The judgment is properly "described in the appeal bond." This contention of plaintiff is devoid of merit.

(b) This contention must be ruled against defendant because the plaintiff concedes that this judgment was satisfied, consequently the statute, section 1912, Revised Statutes 1909 (which has no effect on the Christian county judgment, Winkleman v. Des Moines and Mississippi Levee District, 171 Mo. App. 49, 58, 153 S. W. 539, and cases there cited), could have no application as no presumption of payment is involved. The release of Miller upon the payment of the $1200 was not a release of the Christian county judgment. [Section 2777, R. S. 1909.]

(c) That the court might have under different facts and circumstances committed error in giving instruction (3), yet it is evident that no harm was done in this case. That instruction goes to the question as to whether or not the testimony tended to prove full payment of the Greene county judgment. There is no objection made to the refusal of the instruction on any point except that of the satisfaction being presumption of *payment in full*. As before stated all of the testimony is to the effect that only $1200 was paid by Miller. The court's instruction (12) required a finding that the plaintiff had actually been paid the full amount of the judgment sued on. The testimony is so clear and convincing upon the question as to what amount was actually received from Miller that we are of the opinion that even if error was committed in refusing defendant's instruction 3 that it was harmless and should not necessitate another trial of this case.

The alleged payment of the Christian county judgment, as well as that of the Greene county judgment which the defendants insist resulted in the satisfaction of the Christian county judgment, is an affirmative defense and the burden of proving it rested on the de-

fendant. This burden did not shift during the progress of the trial, although the weight of the evidence may have done so. The plaintiff did not offer in evidence the satisfaction of the Greene county judgment. The defendant made this offer and the plaintiff fully met the presumption of payment in full which the defendant contends the satisfaction raised. The plaintiff proved beyond question that the satisfaction of the Greene county judgment was not entered as a result of *full payment.*

(d)    There is no merit in this contention, because after the amount which was paid by Miller on the Greene county judgment has been settled, as we have seen that it is by the undisputed testimony, and by the latter part of plaintiff's instruction (I) telling the jury to allow that as a conceded credit, there could be no confusion created in the minds of the jury by referring only to the Christian county judgment.

(e)    Instruction 6 given in behalf of plaintiff is not erroneous on account of the objections urged against it by defendant. It is in substance no more than an admonition to the jury not to be influenced by the facts that the judgment is an old one or that the defendant therein named, against whose estate it is sought to be enforced, is dead. The criticism of the instruction under the facts in this case are too refined to be entertained.

We are not forceably impressed by the inconsistent attitude assumed by the defendant in this case. She goes upon the witness stand and testifies at length as to the wealth of her husband prior to his death, disclosing his bank account and thus undertaking to show that the presumption should be indulged that the Christian county judgment had been paid, but the jury disbelieved that it had been paid, and while the experiences which the county had in undertaking to assess her husband's property showed that he may have possessed considerable more than plaintiff or any other

creditor knows of, yet the defendant appears in the probate court shortly after her husband's death and makes an affidavit which discloses that his estate is insolvent, yet she is now strenuously opposing the enforcement of plaintiff's claim which, if her present contention is correct, is absolutely worthless.

The judgment is for the right party. It is affirmed.

*Farrington, J.,* concurs. *Sturgis, J.,* dissents in opinion filed.

## DISSENTING OPINION.

STURGIS, J.—I dissent from paragraph "C" of the opinion and hold that instruction numbered three, asked by defendant, declaring the effect of the release in full of the judgment against Miller on the judgment sued on here and placing on plaintiff the burden of proving that such judgment has not been paid in full, should have been given. I do not concur in holding that defendant so effectively discharged this burden as to take that question from the jury. The entry of full satisfaction was not contemporaneous with the payment of the $1200 testified to by Miller, but was of a later date. Miller's evidence is not conclusive either in itself or that other payments were not made, as our courts have so frequently held since Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907. Nor is this refused instruction an instruction placing the burden of proof of the issues in the case on plaintiff. That is done by another instruction, numbered ten, given for defendant. The burden of proof as to plaintiff's case remained with him throughout the trial. The burden of evidence as to payment was with defendant and was so declared by plaintiff's instruction numbered I (a) But when a satisfaction in full was shown to have been entered in writing, it was proper to tell the jury, as refused instruction numbered three does, that such entry makes

a prima-facie case of payment and this must be overcome by plaintiff's evidence to the contrary. [Gregg v. Mining Co., 97 Mo. App. 44, 49, 70 S. W. 920; Gibson v. Hanna, 12 Mo. 162.] In fact, it takes a "clear preponderance of the evidence" to overcome such prima-facie evidence. [17 Ency. of Law (2 Ed.), 866; Lyons v. Williams, 15 Ill. App. 27; Neal v. Handley, 116 Ill. 418, 56 Am. Rep. 784, 785.] The purpose of instructions is to advise the jury as to the legal effect of the evidence. [Tyler v. Hall, 106 Mo. 1. c. 323, 17 S. W. 319; Stewart v. Sparkman, 75 Mo. App. 106.]

Paragraph "E" of the opinion seems to me still more erroneous. This claim was not filed in the probate court until the judgment on which it is based lacked but a month of being twenty years old and completely barred. The other party to the controversy and most of the witnesses were then dead. There was some evidence at least showing that, while the judgment defendant, Crawford, was insolvent for some years after the judgment was rendered, he did much business in his own name and had considerable money and property during the last years of his life and no attempt was made to revive the judgment or to collect it. The main opinion correctly interprets the instruction given for plaintiff, that the jury should not "be influenced by the facts that the judgment is an old one or that the defendant therein named, against whose estate it is sought to be enforced, is dead." These are, however, potent facts in the case and should be given due consideration by the jury. It is proper that the jury should be influenced thereby. The jury should not "disregard" the unjustness, if such it found, of enforcing the claim at a time when it is very old and the other party dead. [17 Ency. of Law (2 Ed.), 868; Baker v. Stonebraker's Adm'rs, 36 Mo. 338; McFaul v. Haley, 166 Mo. 56, 69, 65 S. W. 995.] This issue should have been left to the jury without this improper comment and limitation of the evidence.